UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DeAndre Jerome Barnes,

    Plaintiff,

v.                                                                         Civil No. 11-2534 (JNE/LIB)
                                                                         ORDER

Minnesota Department of
Corrections, Tom Roy, Bruce
Reiser, Greg Smith, Jeanette
Wilson, and Virginia Mandac,

    Defendants.

      This case is before the Court on the Plaintiff's Motion to Appeal and Motion for a Preliminary Injunction. On September 26, 2011, the Honorable Arthur J. Boylan, Chief United States Magistrate Judge, issued an Order that, among other things, denied Plaintiff's motions for appointment of counsel. In response, Plaintiff filed a Motion to Stay and a Motion to Object, which the magistrate judge construed as a motion to reconsider the Court's denial of appointment of counsel. On October 11, 2011, the magistrate judge issued an Order denying Plaintiff's motion to reconsider. On October 21, 2011, Plaintiff filed a Motion to Appeal and a Motion for a Preliminary Injunction. The Court addresses each motion separately below.

      The Court construes the Plaintiff's Motion to Appeal as an objection to the magistrate judge's order. The magistrate judge considered whether the appointment of counsel is warranted based on the factual and legal complexity of the case, the ability of the Plaintiff to present his claims, and whether both the Plaintiff and the Court would benefit from representation by counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The Court has reviewed the Order and the Plaintiff's objections in light of the record, and finds nothing "clearly

erroneous" or "contrary to law" in the magistrate judge's determination.  *See* 28 U.S.C. § 636(b)(1)(A) (2006); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

Plaintiff also filed a Motion for a Preliminary Injunction requesting that the Court compel the Defendants "to perform their preexisting duties under the U.S. Constitution" and provide "Plaintiff immediate medical treatment, investigate the cause of Plaintiff's condition and treat it." In determining whether to issue a preliminary injunction, the court should consider "(1) the threat of irreparable harm to the [plaintiff]; (2) the weight of this harm as compared to any injury an injunction would inflict on other interested parties; (3) the probability that the [plaintiff] will succeed on the merits; and (4) the public interest."  *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)).

The gravamen of Plaintiff's underlying Complaint is that he is being denied medical treatment in violation of his constitutional rights.  "Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished."  *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  In order to prevail on a claim of constitutionally inadequate medical care, an inmate must show "(1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs."  *Plemmons v. Roberts*, 439 F.3d 818, 823 (8th Cir.2006) (internal quotation marks omitted).  Having thoroughly and carefully reviewed the Plaintiff's medical reports in the record, the Court concludes that Plaintiff has not shown a threat of irreparable harm or a likelihood of success on the merits.

The Plaintiff alleges that Defendants denied the Plaintiff "emergency care and follow-up of ordered care," failed "to inquire into facts necessary to make a medical judgment," "failed to

perform test[s] for Plaintiff's medical issues," "failed to diagnose Plaintiff," "refused to order an x-ray," and "prevented Plaintiff from seeing a doctor." Plaintiff's primary medical complaints appear to be high blood pressure, pain in both sides, and a sensation Plaintiff believes is caused by some sort of internal bleeding or fluid accumulation. He also believes he has a kidney condition, which Defendants have failed to diagnose. Plaintiff claims that he "should be in the hospital" and "may die any day." However, the record does not support these claims. Rather, the record shows that the Plaintiff is receiving regular medical care and has been evaluated by medical providers on numerous occasions. For example, Plaintiff was seen for what he believes is internal bleeding or fluid leakage on both February 3, 2011 and May 5, 2011. Both times, through observation and physical examination, Defendants concluded that Plaintiff's complaints were not medically supported, and tried to reassure and educate Plaintiff about his examination. Plaintiff also complains of blood in his stool, but his medical providers evaluated him for this complaint on May 5, 2011 and May 19, 2011, requested a colonoscopy, and believed that the likely cause was an external hemorrhoid—not a life-threatening medical condition. Between May and August 2011, the Plaintiff received additional testing such as a urine analysis, blood testing, and STD/HIV/Hepatitis C testing. None of these assessments indicated that Plaintiff suffered from any serious medical condition. Relying on their medical judgment, Defendants concluded that no further follow-up was necessary. Based on the record before the Court, it does not appear that appropriate medical care has been denied to Plaintiff. Rather, it appears that Plaintiff merely disagrees with defendant medical providers' diagnoses and treatment. *See Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (explaining that a "mere disagreement with the course of . . . medical treatment" fails to state a constitutional claim).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The magistrate judge's October 11, 2011 Order [Docket No. 17] is AFFIRMED.

2. The Plaintiff's Motion to Appeal [Docket No. 18] is DENIED.

3. The Plaintiff's Motion for a Preliminary Injunction [Docket No. 18] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 15, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge